UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

| | |
|---|---|
| BERDINE CLARKE AND O.L.,<br><br>Plaintiffs,<br><br>v.<br><br>JOAN M. BENGTSON, M.D., SARAH C. LASSEY, M.D., BRIGHAM AND WOMEN'S PHYSICIAN ORGANIZATION, INC., AND JOHN DOE CORPORATION,<br><br>Defendants. | CIVIL ACTION NO.<br>1:18-CV-11409 |

### ANSWER OF THE DEFENDANT JOAN M. BENGSTON, M.D., TO THE PLAINTIFF'S COMPLAINT

The defendant, Joan M. Bengston, M.D., in the above-captioned matter, hereby makes this her answer to the plaintiff's complaint.

### JURISDICTION AND VENUE

1. The allegations in paragraph 1 of the complaint call for a legal conclusion to which no response is required. To the extent a response is required, the defendant denies the allegations contained therein.

2. The allegations in paragraph 2 of the complaint call for a legal conclusion to which no response is required. To the extent a response is required, the defendant denies the allegations contained therein.

3. The allegations in paragraph 3 of the complaint call for a legal conclusion to which no response is required. To the extent a response is required, the defendant denies the allegations contained therein.

## **PARTIES**

4.     The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint and calls upon the plaintiffs to prove the same.

5.     The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint and calls upon the plaintiffs to prove the same.

6.     In response to the allegations of paragraph 6 of the complaint, the defendant admits that she is a physician licensed to practice medicine in the Commonwealth of Massachusetts with privileges at Brigham and Women's Hospital. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as stated in paragraph 6 of the complaint and calls upon the plaintiffs to prove the same.

7.     The allegations of paragraph 7 of the complaint do not apply to this defendant and therefore no response is required. To the extent facts are alleged therein that relate to this defendant, the same are denied and the plaintiffs are left to their proof.

8.     The allegations of paragraph 8 of the complaint do not apply to this defendant and call for a legal conclusion; therefore no response is required. To the extent facts are alleged therein that relate to this defendant, the same are denied and the plaintiffs are left to their proof.

9.     The allegations of paragraph 9 of the complaint do not apply to this defendant and therefore no response is required. To the extent facts are alleged therein that relate to this defendant, the same are denied and the plaintiffs are left to their proof.

## **EVENTS**

10.     The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint and calls upon the plaintiffs to prove the same.

11.     The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint and calls upon the plaintiffs to prove the same.

12.     The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint and calls upon the plaintiffs to prove the same.

13.     The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint and calls upon the plaintiffs to prove the same.

14. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint and calls upon the plaintiffs to prove the same.

15. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint and calls upon the plaintiffs to prove the same.

16. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint and calls upon the plaintiffs to prove the same.

17. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint and calls upon the plaintiffs to prove the same.

18. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint and calls upon the plaintiffs to prove the same.

19. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint and calls upon the plaintiffs to prove the same.

20. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint and calls upon the plaintiffs to prove the same.

21. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint and calls upon the plaintiffs to prove the same. Further answering, to the extent the allegations of paragraph 21 rely on medical records, the medical records speak for themselves, and thus no further response is required.

22. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint and calls upon the plaintiffs to prove the same. Further answering, to the extent the allegations of paragraph 22 rely on medical records, the medical records speak for themselves, and thus no further response is required.

23. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint and calls upon the plaintiffs to prove the same.

24. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint and calls upon the plaintiffs to prove the same. Further answering, to the extent the allegations of paragraph 24 rely on medical records, the medical records speak for themselves, and thus no further response

is required.

25. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint and calls upon the plaintiffs to prove the same.

26. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint and calls upon the plaintiffs to prove the same.

27. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint and calls upon the plaintiffs to prove the same.

## **CLAIMS**

28. The defendant denies the allegations contained in paragraph 28 of the complaint.

29. The defendant denies the allegations contained in paragraph 29 of the complaint.

## **COUNT I – NEGLIGENCE**

## **BERDINE CLARKE V. JOAN M. BENGSTON, M.D.**

30. In response to paragraph 30 of the complaint, the defendant repeats and reasserts each of its answers to paragraphs 1-29 above as if fully set forth herein.

31. The allegations in paragraph 31 of the complaint call for a legal conclusion to which no response is required. To the extent a response is required, the defendant denies the allegations contained therein.

32. The allegations in paragraph 32 of the complaint call for a legal conclusion to which no response is required. To the extent a response is required, the defendant denies the allegations contained therein. The defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and calls upon the plaintiffs to prove the same.

33. The defendant denies the allegations contained in paragraph 33 of the complaint, including all subparts.

34. The defendant denies the allegations contained in paragraph 34 of the complaint, including all subparts.

WHEREFORE, the defendant demands that the plaintiffs' complaint against her be dismissed and that judgment enter for the defendant, together with her costs.

## COUNT II – NEGLIGENCE

## BERDINE CLARKE V. SARAH C. LASSEY, M.D.

Count II (paragraphs 35-39) is not addressed to this defendant, and thus, no response is required; to the extent facts concerning this defendant are alleged therein, the same are denied and the plaintiffs are left to their proofs.

## COUNT III – VICARIOUS LIABILITY

## BERDINE CLARKE V. BRIGHAM AND WOMEN'S PHYSICIAN ORGANIZATION, INC.

Count III (paragraphs 40-43) is not addressed to this defendant, and thus, no response is required; to the extent facts concerning this defendant are alleged therein, the same are denied and the plaintiffs are left to their proofs.

## COUNT IV – LOSS OF CONSORTIUM

## O.L. V. JOAN M. BENGSTON, MD.

44. In response to paragraph 44 of the complaint, the defendant repeats and reasserts each of its answers to paragraphs 1-43 above as if fully set forth herein.

45. The defendant is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint and calls upon the plaintiffs to prove the same.

46. The defendant denies the allegations contained in paragraph 46 of the complaint.

WHEREFORE, the defendant demands that the plaintiffs' complaint against her be dismissed and that judgment enter for the defendant, together with her costs.

## COUNT V – LOSS OF CONSORTIUM

## O.L. V. SARAH C. LASSEY, M.D.

Count V (paragraphs 47-49) is not addressed to this defendant, and thus, no response is required; to the extent facts concerning this defendant are alleged therein, the same are denied and the plaintiffs are left to their proofs.

## COUNT VI – LOSS OF CONSORTIUM

## O.L. V. BRIGHAM AND WOMEN'S PHYSICIANS ORGANIZATION, INC.

Count VI (paragraphs 50-52) is not addressed to this defendant, and thus, no response is required; to the extent facts concerning this defendant are alleged therein, the same are denied

and the plaintiffs are left to their proofs.

## COUNT VII – NEGLIGENCE

## BERDINE CLARKE V. JOHN DOE CORPORATION

Count VII (paragraphs 53-65) is not addressed to this defendant, and thus, no response is required; to the extent facts concerning this defendant are alleged therein, the same are denied and the plaintiffs are left to their proofs.

## COUNT VIII – STRICT LIABILITY

## BERDINE CLARKE V. JOHN DOE CORPORATION

Count VIII (paragraphs 66-75) is not addressed to this defendant, and thus, no response is required; to the extent facts concerning this defendant are alleged therein, the same are denied and the plaintiffs are left to their proofs.

## COUNT IX – BREACH OF EXPRESS WARRANTY

## BERDINE CLARKE V. JOHN DOE CORPORATION

Count IX (paragraphs 76-80) is not addressed to this defendant, and thus, no response is required; to the extent facts concerning this defendant are alleged therein, the same are denied and the plaintiffs are left to their proofs.

## COUNT X – BREACH OF IMPLIED WARRANTY

## BERDINE CLARKE V. JOHN DOE CORPORATION

Count X (paragraphs 81-85) is not addressed to this defendant, and thus, no response is required; to the extent facts concerning this defendant are alleged therein, the same are denied and the plaintiffs are left to their proofs.

## COUNT XI – LOSS OF CONSORTIUM

## O.L. V. JOHN DOE CORPORATION

Count XI (paragraphs 86-88) is not addressed to this defendant, and thus, no response is required; to the extent facts concerning this defendant are alleged therein, the same are denied and the plaintiffs are left to their proofs.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

And further answering, the defendant says that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

And further answering, the defendant says that if the plaintiffs prove that the defendant was negligent as alleged, the plaintiff was negligent to a greater degree than the defendant and the plaintiff is therefore barred from recovery under the Comparative Negligence Law of the Commonwealth of Massachusetts.

## THIRD AFFIRMATIVE DEFENSE

And further answering, the defendant says that the acts complained of were not committed by a person and/or entity for whose conduct the defendant was legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

And further answering, the defendant says that the cause of action is barred by reason of the Statute of Limitations.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, the defendant says that to the extent that she had any obligations to the plaintiffs, such obligations have been fully, completely and properly performed in every respect.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that some or all of the plaintiffs' claims are barred by reason of M.G.L. c. 231, Section 60G.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that some or all of the plaintiffs' claims are barred by reason of M.G.L. c. 231, Section 60H.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendant says that certain of the plaintiffs' claims for relief are barred or limited because the defendant's conduct was reasonable under the circumstances.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the defendant says that if the plaintiff underwent the medical procedures alleged, she did so after having been fully informed and made aware of any known risks or uncertainties involved in said procedures, and that after being so informed, she exercised her informed consent to the performance of the procedures.

## TENTH AFFIRMATIVE DEFENSE

And further answering, the defendant says that to the extent that she had any obligations to the plaintiffs, such obligations have been fully, completely and properly performed in every

respect.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendant says that certain of the plaintiffs' claims for relief are barred or limited because the defendant at all times acted in good faith.

### TWELFTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that some or all of the plaintiff's claims are barred for failure to comply with M.G.L. c. 231, Section 60L.

### THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject.

### FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(4) for insufficient process.

### FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

### SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that the plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a party.

### SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant states that there was no negligence, gross negligence, carelessness, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of the plaintiffs, or malice (actual, legal or otherwise) on the part of this defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the defendant says that, by her words and conduct, the plaintiff is estopped from recovery in this action.

The defendant reserves the right to assert further affirmative defenses upon the completion of discovery.

The defendant states that this is a medical malpractice action which is required to be heard

by a tribunal in Massachusetts Superior Court pursuant to M.G.L. c. 231, Section 60B.

WHEREFORE, the defendant demands that the plaintiff's complaint against her be dismissed and that judgment enter for the defendant, together with her costs.

## DEMAND FOR JURY TRIAL

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**Joan M. Bengston, M.D.**

By her attorneys,

/s/ Brian E. Sopp
Donna M. Marcin, BBO: #561731
dmarcin@hmdrlaw.com
Brian E. Sopp, BBO: #690940
bsopp@hmdrslaw.com
Hamel, Marcin, Dunn Reardon & Shea, PC
24 Federal Street, 11th Floor
Boston, Massachusetts 02110
Telephone:  (617) 482-0007
Facsimile:  (617) 451-7866

Dated:  10/16/18

**CERTIFICATE OF SERVICE**

    I, Brian E. Sopp, counsel for Defendant Joan M. Bengston, M.D., hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to those indicated as non-registered participants.

*/s/ Brian E. Sopp*
Dated: 10/16/18                                                                     Brian E. Sopp